IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MATTHEW D. LEONARD, and minor
children, E.E.L. and K.A.L.,

                                                    ORDER

              Plaintiffs,

                                         3:08-cv-16-bbc

    v.

ROBERT P. VANDEHEY, individually
and acting in his official capacity as
circuit judge of Grant County,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Matthew Leonard filed his complaint on January 10, 2008 on his own behalf and on behalf of his two minor children, E.E.L. and K.A.L. He has paid the $350 fee for filing this case. Pursuant to Fed. R. Civ. P. 12(h)(3), I have reviewed plaintiff's complaint to determine whether this court has subject matter jurisdiction.

In addressing any pro se litigant's complaint, the court must construe the complaint liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972). From my review of plaintiff's complaint, it appears that he is attempting to challenge rulings made by defendant, a circuit court judge, during a custody dispute in the Circuit Court for Grant County, Wisconsin.

1

Plaintiff contends that he has been deprived of his right to present his case to a twelve-person jury at trial. In addition, plaintiff seeks declaratory and injunctive relief against defendant, including his removal from the circuit court case and nullification of his rulings.

Unfortunately for plaintiff, I cannot grant him any relief. Domestic relations, including custody disputes, are the primary responsibility of state courts. Ex Parte Burrus, 136 U.S. 586, 593-94 (1890) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). Recognizing this, the Supreme Court has held that federal courts lack jurisdiction over domestic relations cases in which the relief sought would "involv[e] the issuance of a divorce, alimony, or child custody decree." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). This "domestic relations" exception to subject matter jurisdiction applies in such cases even when constitutional claims are involved. Allen v. Allen, 48 F.3d 259, 261-62 (7th Cir. 1995).

Although plaintiff couches his claims as denial of his constitutional rights to due process and a jury trial, in fact he is attempting to challenge the loss of custody of his children. Therefore, the domestic relations exception prohibits this court from exercising jurisdiction over his case. Ankenbrandt, 504 U.S. at 703. If plaintiff is dissatisfied with defendant's ruling in his case, his remedy is to appeal the judge's decisions through the proper state court channels. His complaint in this case must be dismissed for lack of subject

2

matter jurisdiction.

## ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

The clerk is directed to close the file.

Entered this 22d day of January, 2008.

BY THE COURT:

*Barbara B. Crabb*
_____
BARBARA B. CRABB
District Judge