IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MATTHEW D. LEONARD, and minor
children, E.E.L. and K.A.L.,

                                                ORDER

              Plaintiffs,

                                            3:08-cv-16-bbc

    v.

ROBERT P. VANDEHEY, individually
and acting in his official capacity as
circuit judge of Grant County,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a case in which plaintiff Matthew Leonard seeks to sue a circuit court judge in the Circuit Court for Grant County, Wisconsin for allegedly violating his constitutional rights during the course of proceedings involving a child-custody dispute between plaintiff and the mother of plaintiff's children. In an order entered in this case on January 22, 2008, I dismissed the action for lack of subject matter jurisdiction. I explained clearly to plaintiff that federal courts do not have authority to rule on matters involving domestic relations and that the exclusive province for such actions is in state court. Judgment of dismissal was entered on January 23, 2008.

1

Now, plaintiff has filed a document titled "Motion for Reconsideration and Re-Open and More Definite Statement," which I construe as a timely filed motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59. In his motion, plaintiff argues that I misconstrued his complaint. He suggests he is not asking for any relief directly affecting the issue of his divorce, alimony, or child custody decrees. Rather, he simply wants a declaration that his constitutional rights were violated during the proceedings relating to those events.

The purpose of a Rule 59 motion is to bring to the court's attention newly discovered evidence or a manifest error of law or fact. E.g., Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). It is not intended as an opportunity to reargue the merits of a case. Neal v. Newspaper Holdings, Inc. 349 F.3d 363, 368 (7th Cir. 2003). I was fully aware when I dismissed this action that plaintiff was attempting to color his claim as one to recover damages for constitutional injuries. As I told plaintiff in the order of dismissal, the "domestic relations" exception to subject matter jurisdiction applies even when the plaintiff challenges on constitutional grounds the state court's actions or failure to act. Allen v. Allen, 48 F.3d 259, 261-62 (7th Cir. 1995). Because plaintiff's motion is merely a rehash of his prior arguments and nothing in it convinces me that I erred in dismissing his case, I will deny it.

For plaintiff's information, his timely Rule 59 motion reset the clock on the time period within which he has to appeal from the judgment. Averhost v. Arrendondo, 773 F.2d

2

919, 920 (7th Cir. 1985). Entry of this decision starts the clock again. Therefore, plaintiff has 30 days from the date of entry of this order in which to file a notice of appeal, if he wishes to appeal.

Entered this 11th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge